IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLIED PILOTS ASSOCIATION,

    Plaintiff,

v.                                                       Civil Action No.: 1:17-cv-130

FEDERAL AVIATION ADMINISTRATION,

    Defendant.

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act, 5 U.S.C. §§ 552, *et seq.*, for injunctive and other appropriate relief for the disclosure and release of records improperly withheld from Plaintiff by the Federal Aviation Administration.

## JURISDICTION AND VENUE

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendant pursuant to 5 U.S.C. §552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1361. Venue lies in this District pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §703 and 28 U.S.C. §1391.

## PARTIES

3. Plaintiff Allied Pilots Association is a labor organization with its principal place of business located at 14600 Trinity Boulevard, Fort Worth, Texas 76155.

4. Defendant Federal Aviation Administration ("FAA") is an agency within the Department of Transportation of the United States government, and an "agency" within the meaning of 5 U.S.C. §552(f).

5. Upon information and belief, Defendant FAA has possession of the documents and related information to which Plaintiff seeks access pursuant to the Freedom of Information Act.

## STATEMENT OF RELEVANT FACTS

6. By letters dated July 1, 2016, Plaintiff, through its President Dan Carey, submitted written requests for documents pertaining to communications between Robert Neumeier, Assistant Principal Operations Inspector for the FAA, and three (3) separate officials of American Airlines.

7. In particular, Plaintiff's requests sought "all written correspondence," including "emails, text messages or other electronic communications," between or among Mr. Neumeier and (1) Kimball Stone, Vice President of Flight for American Airlines; (2) Bob H. Johnson, former Managing Director Flight Operations/Line Operations as American Airlines; and (3) Delvin Young, Chief Pilot at American Airlines' Tulsa, Oklahoma base, for the period January 1, 2007 to present.

8. By letter dated August 16, 2016, the FAA sent a letter to President Carey which contained documents located in response to his July 1 requests and an invoice for $142.85 for charges associated with the search for such documents.

9. The August 16, 2016 letter to President Carey included a total of five (5) separate e-mail chains, three (3) from 2014 and two (2) from 2016, between Mr. Neumeier and Mr. Young, with related attachments.

10. There were no responsive documents submitted with regard to the requests involving communications with Mr. Stone or Mr. Johnson.

11. The August 16, 2016, letter indicated that certain information contained in the produced documents had been redacted under FOIA Exemption (6), but made no reference to the withholding of any otherwise responsive documents pursuant to any exemption from disclosure under the Act.

12. By e-mail dated August 23, 2016, President Carey contacted Patricia Keck, a member of the Flight Standards Division, Southwest Region of the FAA, and inquired as to whether any responsive documents had been withheld from production based upon any exemption.

13. President Carey's e-mail also sought confirmation that, in the event that no documents had been withheld, the documents produced with the August 16, 2016, letter constituted "the entire production covering the period from January 1, 2007 until August 16, 2016."

14. By e-mail dated August 23, 2016, Ms. Keck responded to President Carey's inquiries by stating: "You are correct, all documents that were located were provided.  No documents were withheld."

15. By letter dated August 24, 2016, Plaintiff, through President Carey, submitted a formal appeal of the Defendant's response to his July 1, 2016, letters to the FOIA Coordinator, FAA Southwest Region, with a copy to Douglas C. Taylor, FAA FOIA Public Liaison.

16. In the appeal letter, Plaintiff questioned the lack of records produced by the FAA in response to the July 1 requests and the adequacy of the search for responsive documents.

17. 5 U.S.C. §552(a)(6)(a)(ii) requires that the Defendant "make a determination with respect to any appeal within twenty days … after the receipt of such an appeal."

18. To date, Plaintiff has received no further response from Defendant regarding its requests or its appeal.

19. Upon information and belief, documents responsive to the July 1, 2016 requests from Plaintiff have not been produced despite being within Defendant's custody and control.

20. For example, attached hereto as Exhibit A is a copy of an August 21, 2015 letter from Mr. Neumeier to Mr. Stone.

21. Despite being clearly covered by the July 1, 2016 FOIA requests made by Plaintiff, the document attached hereto as Exhibit A was not produced by Defendant.

22. Upon information and belief, Defendant is in possession of records, other than Exhibit A, which are covered by Plaintiff's FOIA requests and which have not been produced to date.

## AS AND FOR A FIRST CAUSE OF ACTION

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 21 of the Complaint as if fully set forth herein.

24. 5 U.S.C. §552 requires the Defendant to conduct an adequate search for records which are requested in accordance with the terms of the statute so as to ensure that responsive records are made "promptly available" to the requestor.

25. 5 U.S.C. §552(a)(3)(D) defines the term "search" to mean "to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request."

26. Defendant has failed to comply with its obligation under 5 U.S.C. §552 to conduct an adequate search for records in response to Plaintiff's July 1 FOIA requests.

27. Plaintiff has filed an appeal of the Defendant's response to its July 1 requests and has received no response from Defendant to that appeal.

28. Plaintiff has exhausted its administrative remedies with respect to Defendant's inadequate search and wrongful withholding of requested records.

29. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

## AS AND FOR A SECOND CAUSE OF ACTION

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-29 of the Complaint as if fully set forth herein.

31. Plaintiff is aware of the existence of documents responsive to its July 1 requests which have not been produced by Defendant or withheld under any applicable exemption from production.

32. Defendant has failed to comply with its obligations under 5 U.S.C. §552 by failing to produce all records responsive to the July 1, 2016, request by Plaintiff.

33. Plaintiff has exhausted its administrative remedies with respect to Defendant's inadequate search and wrongful withholding of requested records.

34. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

A. Order Defendant to conduct an appropriate search for responsive records in accordance with 5 U.S.C. §552(a)(3)(D);

B. Enjoin Defendant from withholding requested records and direct Defendant to produce said documents promptly for Plaintiff's inspection;

C. Provide for expeditious proceedings in this action;

D. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action in accordance with 5 U.S.C. §552(a)(4)(E); and

E. Grant such other and further relief as the Court may deem just and proper.

               Respectfully submitted,

               ALLIED PILOTS ASSOCIATION
               Plaintiff
               By Counsel

GREENBERGCOSTLE, PC

By:_____/S/_____
Caroline E. Costle (Bar ID: 455873)
8027 Leesburg Pike, Suite 302
Tysons Corner, Virginia 22182
Telephone:  (703) 448-3007
Fax:  (703) 821-1144
CEC@GreenbergCostle.com
*Counsel for Plaintiff*

LAW OFFICES OF JAMES P. CLARK, P.C.

_____/S/_____
By:  James P. Clark
*Pending application for pro hac vice admittance*
256 Main Street, Suite 202
Northport, New York 11768
(631) 261-1040
*Counsel for Plaintiff*